UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                      Plaintiff,

    v.                                        3:09-CV-01164

DEBRA R. MAYE,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.      BACKGROUND

Before the Court is Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2). Plaintiff commenced this action seeking damages for unpaid student loans. The Complaint seeks to recover the sum of $6,196.83 which consists of principal in the amount of $4,808.00 plus interest in the amount of $1,388.83. Plaintiff also seeks payment of prejudgment interest through the date of the judgment, all administrative costs allowed by law, post-judgment interest pursuant to 28 U.S.C. § 1961, and attorney's fees to the extent allowed by law. Plaintiff submitted proof of service of the Summons and Complaint and of the instant motion. Defendant failed to appear in this action and has failed to oppose this motion. Accordingly, the Clerk of the Court entered Defendant's default on January 27, 2010.

**II.     DISCUSSION**

In <u>Philadelphia Indem. Ins. Co. v. David J. Hardy Const., Inc.</u>, WL 2424545, at *1 -2 (N.D.N.Y. Aug. 6, 2009), the Court stated:

> To obtain a default judgment, Plaintiff must satisfy the procedural requirements of Fed. R. Civ. P. 55 and N.D.N.Y.L.R. 55.2. <u>Chao v. Party Rental Enter., Inc.</u>, 2008 WL 3851812, at *5 (N.D.N.Y. Aug.15, 2008). Local Rule 55.2 requires Plaintiff to include a proposed form of default judgment and a copy of the pleading to which no response has been made. The moving party is also to include an affidavit setting forth: (1) that the responding party is not an infant or an incompetent person; (2) that the responding party is not in the military service; (3) that the responding party has defaulted in appearance in the action; (4) that service was properly effected under Fed. R. Civ. P. 4; (5) that the amount sought is justly due and owing and that no part has been paid; and (6) that the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

In support of the motion, Plaintiff has included a clerk's certificate of entry of default and a proposed form of default judgment. <u>See</u> Docket No. 9.  Plaintiff has also submitted an affidavit setting forth the facts required to satisfy L.R. 55.2(a). Dkt. No. 9, at 41-43.  <u>Id</u>.

Defendant's failure to appear constitutes an admission of all well-pleaded allegations in the Complaint.  <u>Volkswagen AG v. V.W. Parts</u>, 2009 WL 1045995, at *1 (N.D.N.Y. Apr.20, 2009) (citing <u>H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 107 (2d Cir. 2006)).  The facts are as follows.  On September 30, 2003, Defendant signed a promissory note memorializing her obligation to repay a loan in the amount of $4,808.00 with interest, at the rate of 9.00%, accruing per annum.  Demand has been made upon the Defendant for payment of the indebtedness, and the Defendant has neglected and refused to pay.

Although Defendant's default constitutes a concession of Plaintiff's allegations, it is not considered an admission of damages. <u>Volkswagen AG</u>, 2009 WL 1045995, at *1 (internal citation omitted). A court may conduct a hearing to determine the amount of damages, but need not do so where it is ensured that there is a basis for the damages specified in the

default judgment. Id. (citing Fustok v. ContiCommodity Serv., Inc., 873 F.3d 38, 40 (2d Cir.1989)).  In this case, Plaintiff seeks a sum certain and, therefore, a hearing on the issue of damages is unnecessary.  See United States v. Franklin, 2009 WL 3698388, at *1 (E.D.N.Y. Oct. 27, 2009).  Plaintiff has provided the Court with an Affidavit of Amount Due, duly sworn to and subscribed, prepared and submitted on behalf of the Department of Education.  Plaintiff seeks to recover $6,196.83, plus prejudgment interest at a rate of 9.00% per year in accordance with the provisions of the note.

Plaintiff is also seeking an award of costs.  Plaintiff maintains it is entitled to recover from Defendant the Clerk's Filing Fee of $150.00 pursuant to 28 U.S.C. § 1914(a) and a $25.00 fee for Service and Travel pursuant to 28 U.S.C. § 1921.  "[I]t is well established that the United States may recover costs in a civil action as if it were a private individual." United States v. Thompson, 596 F. Supp.2d 538, 545 (E.D.N.Y. 2009); Fed. R. Civ. P. 54(d)(1); Pine River Logging & Imp. Co. v. United States, 186 U.S. 279 (1902).  In this case however, Plaintiff has presented no evidence that it actually incurred these fees, other than counsel's representation that the information contained in the motion is true.  See United States v. Bennett, 2010 WL 185105, at *3.  The docket does not reflect that the Plaintiff paid a filing fee.  Accordingly, the Court will not award costs at this time.  Plaintiff is permitted to file a separate Bill of Costs after judgment is entered.

## III.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for Default Judgment.  Accordingly, the Clerk of Court is directed to enter a judgment in Plaintiff's favor in the amount of $6,196.83, plus interest at a rate of 9.00% per annum, running from January 27, 2010.

IT IS SO ORDERED

Dated: February 24, 2010

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge